IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SOCIAL ATHLETE, LLC.,

    Plaintiff,

v.       Case No. 04:25-cv-3958

ANTHONY SCHREINER,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, ANTHONY SCHREINER ("Defendant") by and through its undersigned counsel hereby move to dismiss Plaintiff's, SOCIAL ATHLETE, LLC.'s ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted and states as follows:

**ARGUMENT**

**I.**     **Venue is Improper under Federal Rule 12(b)(3).**

Dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) is proper where the parties have designated a proper forum by executing a contract with an enforceable forum selection clause.

> Parties may designate by contract a forum in which any litigation is to take place. Any lawsuit commenced elsewhere may then be subject to dismissal for improper venue. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991); DAVID HITTNER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, 5TH CIRCUIT EDITION § 4:34, at 4-7 (1996). **The law favors forum-selection clauses**. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988) (Kennedy, J., concurring) (valid forum-selection clauses must receive controlling consideration "in all but the most

exceptional cases"). They are considered "prima facie valid and should be enforced unless enforcement is shown to be 'unreasonable' under the circumstances." *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (1996) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972)).

*See Kessmann & Assocs. v. Barton-Aschman Assocs.*, CIVIL ACTION NO. H-97-1893, 1997 U.S. Dist. LEXIS 22680, at *13 (S.D. Tex. Nov. 5, 1997) (notably similar to the case at bar, the issues before the court in *Kessmann* included copyright infringement and breach of contract.).

> **Claims that arise out of the contractual relationship and implicate the agreement are subject to the forum-selection clause.** *See Texas Source Group, Inc. v. CCH, Inc.*, 967 F. Supp. 234, 237 (S.D. Tex. 1997); *Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 547(N.D. Tex. 1982) (plaintiff's "claims for fraudulent inducement into contract and breach of warranties impliedly made upon entering an agreement are undoubtedly related to that agreement" and thus subject to the forum-selection clause).

*Kessmann & Assocs. v. Barton-Aschman Assocs.*, CIVIL ACTION NO. H-97-1893, 1997 U.S. Dist. LEXIS 22680, at *15 (S.D. Tex. Nov. 5, 1997). *See also. Pascasio v. El Campo Mem'l Hosp.*, No. 4:20-CV-03919, 2021 U.S. Dist. LEXIS 273550, at *5-6 (S.D. Tex. Aug. 24, 2021) ("Accordingly, Pascasio's FMLA and COBRA claims are covered by the forum-selection clause because they are logically connected to the Employment Agreement and **arise out of the relationship created by the parties agreement**. *See Russell v. BSN Medical, Inc*., SA-09-CA-314-FB, 2009 EL 10669157, at *4 (W.D. Tex. July 10, 2009)"). Here, the Plaintiff's ownership interests may only manifest if it can succeed on its claims for breach of contract. Its alleged ownership of the copyrights at issue in its claims for copyright infringement does not yet exist. If any such alleged ownership exists, it is directly derived from the 2024 contract attached to and cited in the complaint through the 2024 contract assignment provision. Therefore, the claims brought by the Plaintiff in its Complaint are derivative of the 2024 contract at issue and are subject

2

to the forum selection clause therein.

> Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied *Id*. The court must deem the private interests to weigh in favor of the preselected forum, the parties having struck that balance by their contract. *In re Rolls Royce Corp*., 775 F.3d 671, 678 (5th Cir. 2014). Before giving this "controlling" weight to a forum selection clause, however, the clause must first be a valid and controlling one. *Atl. Marine*, 134 S. Ct. at 581 n.5. Forum selection clauses are presumed to be valid and must be enforced by the court unless shown to be unreasonable. *See Haynsworth v. The Corp*., 121 F.3d 956, 962 (5th Cir. 1997).

*See Willis v. Vericel Corp*., Civil Action No. SA-23-CV-00044-XR, 2023 U.S. Dist. LEXIS 67362, at *14-15 (W.D. Tex. Apr. 14, 2023).

"The Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case, which involves two separate inquiries: (1) whether the parties agreed to a contractually valid forum-selection clause, and (2) whether the present case falls within the scope of the forum-selection clause. *See Atl. Marine Constr. Co*., 134 S. Ct. at 581 n.5; *Stinger*, 265 F. App'x at 226-27; *Braspetro Oil Servs*., 240 F. App'x at 616. To make this determination, the Court "should apply ordinary state-law principles that govern the formation of contracts." *See Stinger*, 265 F. App'x at 227 (internal quotation marks omitted)." *Brown v. Federated Capital Corp.,* 991 F. Supp. 2d 857, 860-61 (S.D. Tex. 2014). First, there must be an intent to be bound, such as a signed contract or manifestation of intent to be bound. *Brown v. Federated Capital Corp*., 991 F. Supp. 2d 857, 861 (S.D. Tex. 2014) ("In the context of a credit card, a party is bound by the terms of a credit card agreement if the party uses the credit card, even if the party does not sign the credit card agreement and even if the credit card agreement is not delivered to the party. *Stinger*, 265 F. App'x at 225, 227; *Winchek*, 232 S.W.3d at 202-04. Use of a credit card constitutes manifestation of an intent to be bound by the credit card agreement. *Ghia v. Am. Express Travel*

*Related Servs. Co.*, No. 14-06-00653-CV, 2007 Tex. App. LEXIS 8194, 2007 WL 2990295, at *3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007,no pet.) (mem. op.); *Taraldsen v. Dodeka, L.L.C.*, No. 01-09-01000-CV, 2011 Tex. App. LEXIS 532, 2011 WL 2653274, at *2 (Tex. App.—Houston [1st Dist.] Jan. 20, 2011,no pet.) (mem. op.)."). If mere use of a credit card is sufficient to demonstrate manifestation of intent to be bound by contractual provisions, the standard is easily met under the present facts. As the parties, here, have both fully executed the 2024 contract at issue, there is clearly an intent to be bound by the terms of the contract, which ostensibly gives rise to the claims of copyright infringement in this case as it contains the assignment of the copyright ownership rights in dispute. Notably, very similar terms including a forum selection clause providing for selection of the same applicable jurisdiction were agreed in the 2022 contract, The 2024 contract only further clarified and specified the forum agreed by the parties from the form closest to the "COMPANY" to **specifically Miami-Dade County**.

      The Plaintiff has brought its claims for copyright infringement and breach of contract in the wrong court. Despite not only citing full chunks of the contract at issue in its Complaint - demonstrating a reliance on its plain language and awareness of its contents – and being further and subsequently notified of the contractual provision governing venue by Defendant's counsel in an effort to resolve the issue without motion practice, the Plaintiff has abjectly refused to dismiss the action, or transfer the action to the proper venue. Accordingly, the Defendant now files its Motion to Dismiss the action for improper venue pursuant both contractual provisions governing venue signed and executed by the parties, and for which the Plaintiff has attached as exhibits to its Complaint:

> (ii) Jurisdiction and Venue. Any dispute or part thereof or any claim for a particular form of relief (not otherwise precluded by any other provision of this agreement), that may not be arbitrated pursuant to applicable law may be heard only in a court of competent

> jurisdiction and the Venue shall be the closest court with jurisdiction to COMPANY's address listed above. Parties hereby submit to the <u>exclusive jurisdiction and **venue** of the local, state and federal courts located in the county in which COMPANY is based</u>.

*See* [DE 1-1 at page 14] which is the contract the parties executed in 2022. Notably, the referenced address in the contract at issue of the "COMPANY" is:

<u>**COMPANY's ADDRESS FOR NOTICE:**
**39939 Pretty Pond Road Zephyrhills FL 33540**</u>

*See* [DE 1-1 at page 11].

> (h) Governing Law, Disputes and Resolution. This Agreement is entered into and shall be deemed wholly performed in Miami-Dade County, Florida and shall in all respects be governed by and construed in accordance exclusively with the laws of the State of Florida applicable to contracts made and to be entirely performed therein without regard to principles of conflicts of law. <u>The parties specifically agree that the state or federal courts in Miami-Dade County, Florida, shall have jurisdiction and exclusive **venue** in respect of any and all disputes in connection herewith</u>.

*See* [DE 1-2 at pages 16-17] which is the contract the parties executed in 2024.

Furthermore, the Complaint states in relevant part that the "Plaintiff Social Athlete LLC ("Plaintiff" or "Social Athlete") is a limited liability company formed in the state of Florida." [DE 1 at page 1]. The Plaintiff does not purport to be from or have connection with any jurisdiction other than Florida. Therefore, as the first 2022 contract provides for a Florida venue and the second 2024 contract goes further to specify a venue in Miami Dade County, Florida, the appropriate jurisdiction and venue here, should be the Southern District of Florida Federal Court. Accordingly, this Court does not have proper jurisdiction over the alleged breach of contract claim and lacks jurisdiction over the copyright infringement claims as they are disputes "in connection" with the 2024 contract, the contract at issue above. The copyright infringement claims are directly connected to the allegations regarding breach of the contract because the assignment provided for

in the contract at issue is the only place Plaintiff's claim of entitlement to relief is derived -as explained in its Complaint. The Plaintiff does not have standing to bring its claims for copyright infringement without first succeeding on its claims for breach of contract. As such, the claims, more accurately categorized, are inextricably intertwined, the forum selection clause provided for in the contract must govern the copyright infringement claims in addition to simply the breach of contract claims.

Generally, forum selection clauses are enforced unless the party resisting enforcement can make a "strong" showing the clause is unreasonable:

> The party resisting the forum selection clause must make a strong showing that the clause is "unreasonable" before a court may decline to enforce the clause. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Factors to consider when determining whether a forum selection clause is unreasonable include: (1) Whether the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) Whether the party seeking to escape enforcement will for all practical purpose be deprived of his day in court because of grave inconvenience or unfairness of the selected forum; (3) Whether the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy;(4) Whether the enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Greer v. 1-800-Flowers.com, Inc.*, No. H-07-2543, 2007 U.S. Dist. LEXIS 73961, at *6-7 (S.D. Tex. Oct. 3, 2007). Here, the incorporation of the forum selection clause into the agreement was not a product of fraud or overreaching, but explicit and clearly negotiated and agreed by both parties. *See* [DE 1-1 at page 11] and *See* [DE 1-2 at pages 16-17]. The Plaintiff cannot be said to be deprived of his day in court because of grave inconvenience or unfairness of the selected forum, when the Plaintiff in fact resides there and the clause inures to their ultimate benefit with regard to convenience. Moreover, the chosen law is the same as would be the law applied in this jurisdiction, federal law, so it cannot be said there would be any fundamental unfairness or deprivation of

remedy. Finally, there is no strong public policy difference between this jurisdiction and the jurisdiction that was agreed in the forum selection clause, rather, fundamentally contracts should be enforced and intellectual property, including copyrights should be protected, though fundamentally the parties hold obviously opposing perspectives on the applicability of those principles to the present set of facts and contractual disputes. "[A]ccording to the Supreme Court, familiarity of the forum with the governing law should only be considered a public-interest factor weighing in favor of transfer if the governing law is "exceptionally arcane." *See Atl. Marine Constr. Co*., 134 S. Ct. at 584. "In all but the most unusual cases," no extraordinary circumstances will exist that warrant refusal to transfer in accordance with a forum-selection clause. *Id*. at 582-83." *Brown v. Federated Capital Corp*., 991 F. Supp. 2d 857, 863 (S.D. Tex. 2014).

The plain language of forum selection clauses generally governs the scope of claims they encompass:

> The language of a forum-selection clause determines the scope of the forum-selection clause. *Braspetro Oil Servs*., 240 F. App'x at 616. For example, forum-selection clauses that apply to all disputes that "relate to" or "are connected with" the contract are construed broadly, while clauses that apply to all disputes "arising out of or over "the implementation and interpretation of the contract are construed narrowly. *Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl Solutions, Inc.*, No. 4:11-cv-01745, 2011 U.S. Dist. LEXIS 146061, 2011 WL 6372842, at *4 (S.D. Tex. Dec. 20, 2011). The scope is not limited to breach of the contract that contains the forum-selection clause. *MaxEn Capital, LLC v. Sutherland, N*o. H-08-3590, 2009 U.S. Dist. LEXIS 29308, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009).

*Brown v. Federated Capital Corp*., 991 F. Supp. 2d 857, 862 (S.D. Tex. 2014). This Honorable Court has also stated:

> Courts look to the language of the forum selection clause to determine its scope. "The scope of a forum selection clause is not limited solely to claims for breach of the contract that created it." *JetPay Merch. Servs., LLC v. Merrick Bank Corp*., No. 13-CV-

7

>   3101, 2014 WL 798373, at *2 (N.D. Tex. Feb. 28, 2014). "A clause governing claims 'related to' or 'concerning' the parties' agreement applies to a broader range of claims than a clause governing claims 'arising under' the agreement." *Schering Corp. v. First Databant, Inc.*, 479 F. Supp. 2d 468, 470-71 (D. N.J. 2007) (citing *John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1075 (3rd Cir 1997)). Courts within the Fifth Circuit have held that-forum selection clauses that use the "related to" language apply to any dispute that has "some logical or causal connection" to the agreement. *WorldVentures Holdings, LLC v. MaVie*, 4:18-cv-393, 2018 U.S. Dist. LEXIS 209348, 2018 WL 6523306, at *7 (E.D. Tex. Dec. 12, 2018).

*Pascasio v. El Campo Mem'l Hosp.*, No. 4:20-CV-03919, 2021 U.S. Dist. LEXIS 273550, at *5 (S.D. Tex. Aug. 24, 2021) emphasis added.

Here, the forum selection clause at issue refers merely to "[a]ny dispute or part thereof or any claim for a particular form of relief…" with a few outlined exceptions. The claims that the Plaintiff have brought quite clearly fall into that scope as they do not fall into an outlined exception and they are, simply put, claims for a particular form of relief. The claims are not otherwise carved out by the agreement or subject to an arbitration clause.

## II. The Plaintiff Lacks Standing and Therefore Has Failed to State a Claim for Which Relief Can Be Granted

Plaintiff has failed to state a claim for which relief can be granted regarding its Copyright Infringement, False Designation of Origin and Unfair Competition, False Advertising, or Common Law Trademark. Simply, the Plaintiff lacks standing to bring its Copyright Infringement claims until it has been determined whether there has been any breach of contract and by whom. Unless is determined that the Defendant breached the 2024 contract at issue, the Plaintiff lacks standing to bring its Copyright Infringement claims because it cannot demonstrate it owns the copyrights.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the pleadings. Additionally, Fed. R. Civ. P. 8(a)(2) requires a short and plain

statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss, Plaintiff must allege facts that, if true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018).  Generally, the Court must accept as true the well-pleaded factual allegations in the complaint during the pleadings stage. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009); *See also Twombly*, 127 S.Ct. at 1965; *Tellabs*, 127 S.Ct. at 2509; *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc*., 497 F.3d 546, 550 (5th Cir. 2007). At this stage, the Court accepts well-pleaded factual allegations as true, but the Court need not accept as true But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. *MAC Metal Sales, Inc. v. Ingram Barge Co., LLC*., No. 25-422, 2025 U.S. Dist. LEXIS 156258, at *4 (E.D. La. Aug. 13, 2025); *See also* A*ssociated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).  "Further, a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982); see also *United Transportation Union v. Florida East Coast Railway Company*, 586 F.2d 520, 527 (5th Cir. 1978); *Mann v. Adams Realty Company, Inc*., 556 F.2d 288, 293 (5th Cir. 1977); *Joe E. Freund, Inc. v. Insurance Company of North America*, 370 F.2d 924, 924 (5th Cir. 1967); *J. M. Blythe Motor Lines Corporation v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962); *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958).

Plaintiff lacks standing to bring its copyright infringement and related claims because the Plaintiff cannot, at this time, establish ownership of any copyrights at issue until the validity and substance of the contract at issue has been established. The contract is attached to the Complaint

and it is before this court to review at its discretion and considered within the four corners of the Complaint. The Plaintiff has merely recited each element of these causes of action which is in direction contravention to Fed. R. Civ. P. 8(a)(2). The Plaintiff has no evidence and cannot provide more than a conclusory allegation that it owns the copyrights at issue without first establishing ownership by proving its claims. That can only be done through determination by a court or jury as to the merits of its breach of contract claim, not by any evidence the Plaintiff can provide at this time or that it may even acquire through discovery. Such evidence of any ownership right cannot exist in the absence of a final determination on its ultimate right to enforce, i.e. the merits of its claim for breach of contract. Simply, the Plaintiff cannot, at this time, demonstrate any claim of ownership of the copyrights at issue for its infringement claims, which makes them implausible on their face. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

Plaintiff has not sufficiently pled that this case was brought in a proper venue, explicitly ignoring the agreed forum selection clause in the contract it executed and cited in its Complaint. Notwithstanding, Plaintiff has also failed to state a claim for which relief can be granted because simply put, it cannot demonstrate any entitlement to relief for its copyright claims without first proving its case with regard to its alleged breach of contract. The Plaintiff does not have standing and cannot demonstrate any harm with respect to its copyright infringement claims without demonstrating it has an ownership right to protect.

WHEREFORE, Defendant, ANTHONY SCHREINER, respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint and for any further and other relief that this Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed on this 8th day of September 2025 utilizing the CM/ECF and a copy has been provided to all attorneys of record.

    Respectfully submitted,

    */s/Jessica Delaney Getz*
    Jessica Delaney Getz
    *Attorney in charge*
    Florida State Bar No. 1054190
    Southern District of Texas
    Bar No. 3893924
    Jessica@Lomnitzerlaw.com
    **THE LOMNITZER LAW FIRM, P.A.**
    7999 N. Federal Highway, Suite 202
    Boca Raton, FL 33487
    Telephone: (561) 953-9300
    Direct: (561) 953-9301
    Fax: (561) 953-3455
    *Attorneys for Defendant*